UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     CASE NO.: 1:04-CR-025-SPM

MARCUS. H. RICHARDS,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Magistrate Judge's Report and Recommendation. (doc. 82) Defendant was furnished a copy and has filed objections. (doc. 87) Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Defendant's objection addresses the process by which the Government filed the notice of its Information and Notice of Intent to seek enhanced penalties because of Defendant's prior conviction. This process is governed by Title 12 United States Code, Section 841(a), which states in relevant part that

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The statute does not require the Government to file the enhancement notice before the defendant's first appearance or before his detention hearing. The statute requires that the notice be filed before trial or before entry of a plea of guilty. The Government filed its Information and Notice of Intent (doc. 18) on November 4, 2004. Defendant's guilty plea was entered on December 13, 2004. (doc. 19) Additionally, as explained by the Magistrate Judge in his report, even though the information had not been filed by the time of Defendant's initial appearance, at that hearing, the Government and the Court orally notified Defendant that he was facing a 20-year mandatory minimum sentence. Therefore, the fact that Defendant's lawyer may not have shared with Defendant the fact that the information had actually been filed, the effect on Defendant's sentence is still the same. Because Defendant was notified by the Court, Defendant was in no way prejudiced by his attorney's failure to inform Defendant of the filing. Additionally, the statute itself states that service on defense counsel is sufficient. It was not necessary to personally serve Defendant. Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 82) is adopted and incorporated by reference into this order.

    2.    Defendant's § 2255 motion to vacate, set aside or correct sentence (doc. 66) is ***denied with prejudice***.

DONE AND ORDERED this <u>fourteenth</u> day of April, 2009.

    *s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge